UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Application of<br><br>**ISZO CAPITAL LP,**<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 20-_____ |

**DECLARATION OF NICHOLAS BURKILL IN SUPPORT OF THE APPLICATION
FOR AN ORDER OF JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782**

I, Nicholas Burkill, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746,

that the following is true and correct:

1.      I am a legal practitioner holding a practicing certificate authorizing me to practice

law in the British Virgin Islands ("BVI") and I am admitted to practice before the BVI courts. I

am a partner with the law firm of Ogier and serve as its BVI office head of dispute resolution. I

make this declaration on behalf of IsZo Capital LP ("Petitioner or "IsZo") in connection with its

Application for an Order of Judicial Assistance pursuant to 28 U.S.C. § 1782 (the

"Application").

2.      Ogier represents IsZo in a proceeding before the High Court of Justice in the

British Virgin Islands (the "BVI Court") with the claim number BVIHC (Com) 2020/0165 (the

"BVI Proceeding"). The defendants to the BVI Proceeding are: (1) Nam Tai Property Inc. ("Nam

Tai" or the "Company"); (1) Greater Sail Limited ("Greater Sail"); and (3) West Ridge

Investment Company Limited ("West Ridge") (together, the "Defendants").

5597897-1
LITI-4873854-1

3.      In the BVI Proceeding, Petitioner seeks, *inter alia*, injunctive relief (1) invalidating the purported allotments of shares by the Company to Greater Sail and West Ridge pursuant to a private placement (the "Private Placement") that closed on October 5, 2020, (2) orders to the effect that the Private Placement should be set aside; and (3) an order compelling Nam Tai to hold a shareholder meeting that was lawfully requested on September 11, 2020 by almost 40% of the Company's shareholders (the request is known as a "Requisition"). A true and correct copy of the Amended Claim Form and Amended Statement of Claim ("Claim") dated October 29, 2020, which are the operative pleadings in the BVI Proceeding, are attached hereto as Exhibits 1 and 2.

4.      Through this Application, Petitioner seeks narrowly-tailored discovery relating to the two principle transactions that are the subject of the BVI Proceeding—the Requisition and the Private Placement. Specifically, Petitioner seeks discovery from Houlihan Lokey, Inc. ("Houlihan Lokey") and Joele Frank, Wilkinson, Brimmer, Katcher ("Joele Frank")—entities that Nam Tai hired as advisors concerning the events that are the subject of the BVI Proceeding. Houlihan Lokey served as the Company's financial advisor concerning the Private Placement transaction and is in possession of documents and communications concerning the advice it provided to Nam Tai about that transaction. Joele Frank—a public relations firm with New York headquarters—was engaged to help the Company respond to the Requisition. Both Houlihan Lokey and Joele Frank are located in the United States and neither entity is a party to the BVI Proceeding.

5.      This declaration, among other things, provides the factual background of the BVI Proceeding, the relief sought therein, and addresses the discovery Petitioner seeks through this Application.

6.      The declaration is accurate and correct to the best of my knowledge, information, and belief. The facts contained in it are primarily derived from IsZo's complaints and evidence filed in the BVI Proceeding and publicly available information derived from Nam Tai's SEC filings.

## I.      Facts Underlying the BVI Proceeding

### A.      Nam Tai Properties and Its Shareholders

7.      Nam Tai is a real estate developer and operator that primarily conducts business in The People's Republic of China. (*See* Exhibit 1, ¶ 5). Nam Tai was incorporated in 1987 in the BVI, and its stock is listed on the New York Stock Exchange (*Id.* ¶¶ 1, 2, 5).

8.      Petitioner IsZo, a Delaware limited partnership, has been a shareholder of Nam Tai since 2017 and is the beneficial owner of 3,891,385 shares. (*Id.* ¶¶ 12-14).

9.      Kaisa Group Holdings Limited ("Kaisa") is a Cayman Islands company that, like Nam Tai, is also engaged in property development, property investment, and property management in China. (*Id.* ¶ 20). Greater Sail Limited ("Greater Sail") is a wholly-owned subsidiary of Kaisa. (*Id.* ¶ 21).

10.     Kaisa has at all relevant times been Nam Tai's controlling shareholder through its share ownership and control of Nam Tai's Board through its affiliation with the majority of the Nam Tai's directors.[1] (*See, id.,* at ¶¶ 20-23). As of December 31, 2019, Kaisa was beneficial owner of approximately 23.9% of the Company's common stock; after the Private Placement, Kaisa increased its beneficial ownership to approximately 43.9% of the Company's common stock. (*Id.* ¶ 19).[2]

---

[1] Kaisa denies this contention, however.

[2] Kaisa's beneficial ownership is reported in Schedule 13Ds filed with the SEC on December 12, 2019, and October 7, 2020, are available at www.sec.gov.

3

B.   Kaisa Takes Control of Nam Tai to Further Its
Interests and the Company's Valuation Plunges

11.    In August 2017, Kaisa—acting through its subsidiary Greater Sail—had acquired

17.7% of the Company. (*Id.* ¶ 20). Using its sizeable position in the Company, between 2017 and

2019, Kaisa appointed several director representatives to the board of directors and effectively

took control of the board and management, and by June 2019, five of the Company's eight

directors were connected to Kaisa. (*Id.* ¶ 22).

12.    After Kaisa took control of the majority of board positions, Nam Tai's valuation

declined drastically. On May 27, 2020, IsZo published an open letter to shareholders expressing

its concerns regarding Kaisa's conduct and the resulting reduction in the Company's value. (*Id.*

¶ 24). Amongst other things, IsZo complained of "a 70% decline in share value since Kaisa

replaced NTP's former CEO with Ying Chi Kwok, the younger brother of Kaisa's CEO, on

January 29, 2018." (*Id.*). In its May 2020 letter, IsZo also called for changes to the composition

of the Company's board of directors, through the removal of a majority of the incumbent

directors (all except for two independent directors) and their replacement with new independent

directors. (*Id.* ¶ 25).

C.   The Company Refuses to Hold a Shareholder Meeting
After 40% of Its Shareholders Request One

13.    Following additional correspondence among the shareholders, IsZo and other

shareholders who cumulatively held almost 40% of voting shares, sent a Requisition request to

the directors on September 11, 2020, requesting a shareholder meeting in an effort to pass

resolutions to replace the Company's directors controlled by Kaisa. (*Id.* ¶¶ 26-27, 32).

14.    The Requisition thus had support from well over the 30% threshold required by

Article 22 of the Company's Articles of Association and the BVI Business Companies Act 2004

("the Act"). (*Id.* ¶ 29).

4

15.     In addition, on September 11, 2020, an independent director of the Company, Peter R. Kellogg, together with certain other members of the Company (holding between them approximately 19.08% of the shares in the Company) publicly indicated their support for the Requisition in a Schedule 13D filed with the SEC. (*Id* ¶ 33).

16.     Despite the board's obligation to call a shareholder meeting under both Article 22 of the Company's Articles of Association and section 82(2) of the Business Companies Act in the light of the Requisition, the directors refused to do so. (*Id.* ¶ 34).

D.     Kaisa Uses a Private Placement Offering to Expand Its Control

17.     Instead of scheduling the shareholder meeting following the Requisition, the Company took several defensive steps, culminating in the issuance of the Private Placement that expanded Kaisa's control of Nam Tai.

18.     On October 5, 2020, the Company received approximately $170 million in exchange for new common stock issued to two companies connected to Kaisa—Greater Sail and West Ridge in a Private Placement. (*Id.* ¶¶ 39, 42).

19.     The Private Placement was made ***only*** in favor of Greater Sail and West Ridge, with no other persons invited to participate. (*Id.* ¶ 45.5). As discussed above, Greater Sail is a wholly-owned subsidiary of Kaisa. Although West Ridge is not a part of the Kaisa group of companies, West Ridge shares several connections to Kaisa through its controlling shareholder Haitong Securities Co Ltd. (*Id.* ¶ 45.3).

20.     The Private Placement, carried out less than one month after the Requisition, increased the proportion of the Company's total issued share capital controlled by Kaisa to 43.9%, effectively ensuring that Kaisa could defeat any challenge to its control. (*Id. ¶* ¶ 40, 45).

21.     IsZo relies on Nam Tai's SEC filings emphasizing the strength of its financial position to support its position that the Company was not in need of financing. (*See id.* ¶ 45.9). Instead, the totality of the circumstances surrounding the Private Placement support IsZo's complaint that it was carried out deliberately for the improper purpose of entrenching the existing board and frustrating the Requisition. (*See, id.* ¶¶ 44-49).

> E.      The Proceeding in the British Virgin Islands

22.     Petitioner IsZo commenced the BVI Proceeding on October 13, 2020, and sought urgent injunctive relief regarding the Company's actions.

23.     Through the BVI Proceeding, IsZo seeks: (1) orders setting aside the Private Placement; (2) rectification of the Company's register of members to delete any entries in respect of the Private Placement; and (3) an Order under section 86(1)(b) of the Business Companies Act requiring a meeting of the members of the Company to be held to allow the shareholders to vote on the proposed resolutions.

24.     IsZo commenced the BVI Proceeding by way of a Claim Form and a Statement of Claim. The Claim Form and the Statement of Claim were subsequently amended, on October 29, 2020, to remove a claim by IsZo as to the inspection of the books and records of the Company, such inspection having been provided. (*See* Exhibits 1 and 2).

25.     Also on October 13, 2020 IsZo applied *ex parte* in the BVI court for an interim injunction against the Defendants pursuant to the Eastern Caribbean Supreme Court Civil Procedure Rules ("ECSC CPR") Part 17 and the BVI court's inherent jurisdiction for orders regulating the conduct of the affairs of the Company pending the determination of the BVI Proceeding (the "Interim Injunction Application").

5597897-1
LITI-4873854-1

26.     The Interim Injunction Application was made by way of a Notice of Application and was supported by an Affidavit of Brian L. Sheehy. A true and correct copy of the Affidavit of Brian L. Sheehy is attached as Exhibit 3.

27.     On October 14, 2020, the BVI Court granted the Petitioner's request for interim injunctive relief (the "October 14 Order"). A true and correct copy of the order is attached hereto as Exhibit 4.

28.     The October 14 Order specifically granted the Petitioner's request to maintain the status quo and, among other things, prohibit "any votes to be counted in respect to any shares placed pursuant to the Purported Private Placement." The October 14 Order also prohibited the Company and its management and directors from "enter[ing] into any transaction with any member of the Kaisa Group of companies." (Ex. 4). The BVI Court scheduled a further hearing with respect to this relief on October 19, 2020.

29.     At the hearing on October 19, 2020, the High Court of Justice made a further Order continuing relief regulating the Company's affairs until a further hearing listed for November 30, 2020 and provided directions with respect to the BVI Proceeding (the "October 19 Order"). Among other things, the October 19 Order set a schedule for the production and submission of discovery in the BVI Proceeding, and set case deadlines in the case leading up to a 13-day trial, which is scheduled to begin January 29, 2021. A true and correct copy of the October 19 Order is attached hereto as Exhibit 5.

30.     Pursuant to the October 19 Order the parties were provided with the following schedule leading up to the trial: (1) the Defendants may file their respective Defences by 4pm on November 12, 2020; (2) IsZo may serve its Reply to the Defences by 4pm on November 26, 2020; (3) the parties shall provide standard disclosure by 4pm on December 15, 2020; (4) the

5597897-1
LITI-4873854-1

parties shall exchange witness statements of fact on January 12, 2021; and (5) a pre-trial review shall be heard in the week commencing January 15, 2021 with the trial commencing on January 29, 2020. The pre-trial review has now been listed for a hearing on January 13, 2021.

31.     The October 19 Order requires "standard disclosure" to be exchanged by the parties to the BVI Proceeding. Under BVI law, "If a party is required by any direction of the court to give standard disclosure, that party must disclose *all documents which are directly relevant to the matters in question in the proceedings.*" (*See* ECSC CPR 28.4) (emphasis added). A document is "directly relevant" under BVI law if "(a) the party with control of the document intends to rely on it; (b) it tends to adversely affect that party's case; or (c) it tends to support another party's case." (ECSC CPR 28.1(4)). Further, the duty of disclosure of the existence of documents is limited to documents which are or have been in the party's control. (ECSC CPR 28.2).

32.     The BVI court specifically provided the following directions with respect discovery:

>       (a)     Each party must file and serve a list of documents in a specified form together with native electronic copies of documents on the list except documents for which a right to withhold from disclosure is claimed or which are no longer in the physical possession of the party who served the list by 4pm on December 15, 2020;
>
>       (b)     The parties shall include in their list of documents a description of the searches that they have carried out and if they have used electronic word searches they shall identify the search terms that they have used; and
>
>       (c)     The parties shall co-operate as to the provision of disclosure including as to the format in which copies of documents are disclosed and the use of electronic search terms.

(Ex. 5).

## II.     Petitioner's Request for Discovery in Aid of the BVI Proceeding

33.     Through this application, Petitioner seeks an order pursuant to Section 1782, granting permission to gather discovery in the United States for use in the BVI Proceeding. In particular, Petitioner seeks evidence from the following Respondents:

(1)     <u>Houlihan Lokey</u>, which served as the Company's financial advisor concerning the Private Placement transaction.

(2)     <u>Joele Frank</u>, a company hired to do public relations for Nam Tai in connection with the Requisition. Joele Frank worked with the Company on several press releases in response to IsZo Capital's communications concerning the Requisition. (*See* Exhibits 6 and 7).

34.     Petitioner's Section 1782 application seeks, among other things, the following information from Respondents: (1) documents, communications, and analyses concerning the Private Placement, its purpose, and any options and/or information the company considered before executing the transaction; and (2) documents, communications and analysis concerning the Requisition, the Company's refusal to hold a shareholder meeting in response to the Requisition, and any strategic alternatives the Company considered before deciding not to take action in response to the Requisition (together, the "Requests"). In addition to documents, Petitioner seeks to take the deposition of Houlihan Lokey's corporate representative.

35.     The Requests are narrowly tailored to obtain this highly relevant information regarding both the Requisition and the Private Placement—facts at the center of the dispute in the BVI Proceeding—and are confined to the time period May 1, 2020, to present. Further, the Requests are narrowly tailored to seek only relevant discovery in the possession of Houlihan Lokey and Joele Frank, neither of whom is a party to the BVI Proceeding.

36.     It is highly unlikely that all of the discovery Petitioner seeks from Houlihan

Lokey and Joele Frank will be produced in the BVI Proceeding. Neither Houlihan Lokey nor

Joele Frank are parties to the BVI Proceeding and neither entity operates in the BVI.

Accordingly, documents in their possession or power that have not been communicated to Nam

Tai will not be documents that Nam Tai is required to disclose in the BVI Proceeding. Further,

standard disclosure in the BVI Proceeding is limited to documents that are "*directly relevant to*

*the matters in question in the proceedings,*" a relatively restrictive standard in the BVI that each

party must apply without participation from the party opponent in the process (as I believe would

be the process in the United States). Moreover, witness depositions are generally not available in

the BVI, other than through the Hague Convention, which is not a practical alternative to 1782

relief.

37.     As noted above, *the BVI Court has ordered an expedited trial of the BVI*

*Proceeding which contemplates the exchange of witness statements on January 12, 2021 and*

*the start of the trial on January 29, 2021*. I, therefore, urge the Court to expeditiously grant the

Petitioner access to the requested discovery before January 2021 so that the evidence is available

for the BVI Court to consider.

Accordingly, it is respectfully requested that this Court assist Petitioner in obtaining the

information sought in the proposed subpoenas attached to this Application for use in the BVI

Proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

November 10, 2020 at Road Town, Tortola, British Virgin Islands.

_____
Nicholas Burkill